Jason Alan, Pro Se
291 Sequoia Ct #24
Thousand Oaks, CA 91360
818-523-7456
bizagent818@gmail.com email

FILED
CLERK, U.S. DISTRICT COURT

FEB 23 2021

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JASON ALAN,**<br><br>Plaintiff,<br><br>vs.<br><br>**TESLA MOTORS INC; DOES 1-10 INCLUSIVE,**<br><br>Defendant, | Case No. CV21-1800-ODW (AGRx)<br><br>**VERIFIED COMPLAINT**<br>**(Amount to exceed $25,000.00)**<br>1) Breach Of Express Warranty<br>2) Breach Of Implied Warranty<br>3) Breach of Warranty (Song-Beverly Consumer Warranty Act), Civil Code § 1790, et seq.<br>4) Breach of Warranty (Magnuson-Moss Warranty Act), 15 U. S. C. § 2301 et seq<br>5) Breach of Contract<br>6) Common Law Fraud<br>7) Intentional Misrepresentation<br>8) Negligent Misrepresentation<br>9) Violation of the California Unfair Competition Act ("UCL"), Business and Professions Code § 17200, et seq.<br>10) Violation of the California False Advertisement Law ("FAL"), Business and Professions Code § 17500, et seq.<br>11) Quasi Contract/Restitution/Unjust Enrichment<br>**JURY TRIAL DEMANDED** |

NOW COMES the Plaintiff, JASON ALAN, Plaintiff's complaint against, TESLA, alleges and affirmatively states as follows:

**PARTIES**

1. Plaintiff, JASON ALAN ("Plaintiff"), is an individual who purchased subject vehicle in the State of California.

2. Defendant Manufacturer, TESLA ("Defendant", "Manufacturer" or "TESLA"), is corporation, authorized to do business in the State of California and is engaged in the manufacture, sale, and distribution of motor vehicles and related equipment and services. Manufacturer is also in the business of marketing, supplying and selling written warranties to the public at large. Manufacturer does business in all counties of the State of California. Tesla is one of the few auto manufacturers in the United States that designs, manufactures, markets, distributes, and sells exclusively fully electric vehicles.

## **FACTUAL ALLEGATIONS**

3. In 2019, JASON ALAN ("Plaintiff" or "ALAN") a disabled resident of Ventura county on June 24, 2019 purchased for $52,729.50 (out the door price) a new 2019 Tesla Model 3 Standard Range Plus ("Model 3"), manufactured by TESLA, ("Defendant" "Manufacturer" or "TESLA") Vehicle Identification No. 5YJ3E1EA2KF397351.

4. The price of the MODEL 3, including sales tax, registration charges, document fees and other collateral charges, such as bank and finance charges totaled more than valuable consideration.

5. In consideration for the purchase of the MODEL 3, Defendant issued and supplied to Plaintiff several written warranties, as well as other standard warranties fully outline in the Manufacturer's Warranty Booklet.

6. In or around late June of 2019, Plaintiff took possession of the MODEL 3 and shortly thereafter experienced the various defects listed below that substantially impair the use, value and/or safety of the MODEL 3.

7. Plaintiff brought the MODEL 3 to seller and/or other authorized service centers of TESLA for various defects, including, but not limited to the following:

2

a.  Defective braking system; horrible squealing and grinding sounds November 19, 2020, December 11, 2020, December 28, 2020, and January 28, 2021, and a second time on January 28. 2021 (five visits).

b.  Defective Air Condition System "HVAC"; shaking entire car, vibrating against frame of vehicle. December 11, 2020 & December 28, 2020 (two visits)

c.  Defective Battery; - kicking sound metal on metal when at supercharger charging vehicle. December 28, 2020 (one Visit)

d.  Defective Electronics – safety restraint lights, dash camera system, sentry mode system, Tire pressure management system lights going on when no leaks had been detected. December 11, 2020 (one visit)

8.    Plaintiff provided Defendant sufficient opportunities to repair the MODEL 3 on five separate occasions within a 45 day period, however the same issue remains.

9.    Defendant has not been able to fix the brakes after five visits to service center with said period and one visit to Plaintiff's home.

10.  Defendant through its authorized service centers was unable and/or failed to repair the MODEL 3 within a reasonable number of attempts. *Cofield v. Kia Motors Am., Inc.*, F074977, at *11 (Cal. Ct. App. Aug. 23, 2019) ("The reasonableness of the number of repair attempts is a question of fact to be determined by the jury in light of the circumstances, but at a minimum there must be more than one opportunity to fix the nonconformity.") See also *Oregel v. American Isuzu Motors Inc.*, 90 Cal.App.4th 1094, 1103 (Cal. Ct. App. 2001) ("Isuzu concedes that four failed repair attempts for the same problem is a reasonable number of attempts.")

11. The Model 3 is and always has been defective, including during Tesla's express warranty coverage period.

12. Since or before 2019, Defendant Tesla, knew about the unsafe nature of the Model 3 line of cars braking systems as published on its website and in other various online publications.

13. Knowing the truth and motivated by profit and market share, Defendants have knowingly and willfully engaged in the acts and/or omissions to mislead and/or deceive Model 3 owners such as Plaintiff.

14. Tesla knew that the brake system was defective, yet sold the model 3 without disclosing said flaw to Plaintiff.

15. Even worse, Tesla intentionally represented to as equipped with a tested and validated brake control system with an intent to deceive Plaintiff into believing that his Model 3 is safe and stable when it is not.

16. Tesla even went as far as to gaslight Plaintiff into believing that everything was operating "within spec" at each service visit when it indeed was not the case.

17. Plaintiff justifiably lost confidence in the MODEL 3's reliability and said defects have substantially impaired the value of the MODEL 3 to Plaintiff.

18. Said defects could have not been discovered by Plaintiff prior to Plaintiff's acceptance of the MODEL 3.

19. On December 16, 2020 Plaintiff sent his notice of dispute to Defendant requesting a buy back of his vehicle via USPS Certified mail. Defendant never responded.

20. Defendant refused Plaintiff's demand for revocation and has refused to provide Plaintiff with the remedies Plaintiff is entitled upon revocation.

21. On January 28, 2021 Plaintiff contacted Tesla after the visit to the service center that day.

4

22. Defendant sent a technician to Plaintiff's home to inspect the vehicle where it was discovered that an essential metal wire harness was not properly reconnected to the brake system. Plaintiff was alarmed by this to say the very least.

23. Tesla attempted to conceal the above referenced second visit on January 28, 2021 because no record was ever made so therefore in Defendants' eyes it probably maybe never happened. This act concealed the issue since it never was documented.

24. Tesla actively concealed the fact that the Model 3 lacked an effective brake control system by not documenting all of Plaintiff's complaints about the defective brakes. Plaintiff continually misrepresented that the brake control system

25. It is important to take note that all defects were verified by a Factory Trained Technician and repaired, but the repairs made were only temporary when it comes to the brakes making noise when stopping, causing Plaintiff the need to return to Defendant for more repairs (five in total).

26. A TESLA trained and paid Technician verified and attempted to fix the problems on every report from burnishing the brake pads to replacing the brake pads and brake rotors, but the repairs have proven to be unsuccessful and continue to cause concerns. All of the issues were paid for by the manufacturer under the manufactures warranty.

27. The Manufacturer does not approve any repair unless it is a defect in material or workmanship. The records show parts were replaced; the repairs were made under the Factory Defect Warranty.

28. The vehicle has a manufacturing defect with the brake system that was with the vehicle when it left the factory and at the time of sale to Plaintiff, and this defect will continue to cause problems.

29. If Plaintiff were to try to sell this vehicle and were to disclose the repair order history to a potential buyer, the sale would most likely be lost. This vehicle, in spite of being relatively new, already has the characteristics of a used vehicle.

30. The nature of the defects was such that no reasonable person would purchase this vehicle for the purpose of having a dependable, reliable transportation. The repair history and the current and unresolved issues with the vehicle do not constitute normal or expected operation, and the resulting conditions constitute a substantial impairment to any reasonable consumer.

31. Plaintiffs suffered economic damage because he was deprived of the benefit of the bargain since he would not have purchased the Model 3 had he known about the safety flaw in these vehicles and would have purchased electric vehicles of Tesla's competitors, such as Chevrolet Bolt or Nissan Leaf, which use regenerative braking system in such manner that it does not interfere with the vehicle's stability or safety, or Tesla's competitors in the luxury SUV market, such as Range Rover, BMW X5, or Mercedes M Class, which do not have these same issues.

32. Plaintiff alleges that Defendants' practice of representing that the brake control effectively eliminates the safety issues of the braking system, and failure to adequately disclose that the brake controls have safety flaws impacts the competition between Tesla and other electric vehicle manufacturers equipped with regenerative braking. This practice gives Tesla a competitive advantage over other businesses operating in the same market. It is important to note that Plaintiff was a first-time electric vehicle buyer, and thus Tesla competes not only with other electric vehicle manufacturers, but also with gas powered luxury vehicle manufacturers.

33. The Model 3, thus, is not the same quality as those generally accepted in the trade of vehicles, are of poor or below average quality within the description of mass-production vehicles and/or did not conform to the affirmations of fact made by Tesla in its labeling of The Model 3.

34. Tesla continues its unfair, fraudulent and unlawful practice as alleged herein. Additionally, others will never know whether the next Tesla they are purchasing will use the regenerative braking safely or not.

## TOLLING OF STATUTE OF LIMITATIONS

35. Any applicable statutes of limitation have been equitably tolled by Tesla's affirmative acts of fraudulent concealment, suppression and denial of the true facts regarding the existence of the safety features and safety flaws as alleged herein. Such acts of fraudulent concealment include, but are not limited to intentionally covering up and refusing to disclose that The Tesla Model 3 has safety flaws. Through such acts of fraudulent concealment, Tesla was able to actively conceal from the public for years the truth about the defects in the model 3.

36. Defendant is estopped from relying on any statutes of limitation because of their misrepresentation and fraudulent concealment of the true facts, as described herein, concerning the lack of safety flaws and existence of effective safety features in The Model 3. Defendant were, at all times aware of the safety flaws as described herein, but sold The Model 3 regardless and without disclosing said flaws despite this knowledge.

## FIRST CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY

37. Plaintiff re-allege and incorporate by reference as fully set forth herein all paragraphs of this Complaint.

38. Tesla provided Plaintiff with the 48 months or 50,000-mile warranty against defects in materials or workmanship ("Warranty").

7

39. Said Warranty was provided in consideration for the purchase of The Model 3, which became part of the basis of the bargain, because it was incorporated into the purchase agreement of The Model 3.

40. Plaintiff learned about the existence of such Warranty pre-purchase, and as reasonable a person, relied on the existence of such warranty. Plaintiffs' conduct of purchasing The Model 3 is in accordance with their reliance on said Warranty.

41. The braking defect complained herein is a defect in materials and/or workmanship and is covered under the Warranty. Applying any warranty limitation period to avoid the need to repair this particular defect would be unconscionable in that, *inter alia*, The Model 3 at issue contained a defect at the time of delivery, Tesla was either aware of or consciously and/or recklessly disregarded this defect which could not be discovered by Plaintiff at the time of such purchase, and Plaintiff lacked any meaningful choice with respect to the warranty terms.

42. Plaintiff substantially performed all of his obligations under the Warranty, by presenting the Vehicles to authorized Tesla repair facilities during the warranty coverage period and/or by accepting all of the over-the-air updates provided by Tesla.

43. Furthermore, Tesla represented that The Model 3 vehicle was equipped with a tested and validated brake control system that eliminated the possibility of any issues.

44. Tesla's representations about the brake control system on The Model 3 were false representations of fact, that were known by the Defendant to be untrue at the time they were made and were intended to create reliance.

45. Tesla's representations about the brake system on The Model 3, thus created express warranties that The Model 3 vehicle would contain an effective braking system.

46. Tesla breached the express warranties by selling The Model 3, which lack an effective braking control system; by failing to repair/fix the flaws in the braking control system through over-the-air updates and in-store. Tesla's breach caused injury to Plaintiff, because Plaintiff

did not get the benefit of the bargain, which included, *inter alia*, an effective and safe brake system.

47. Defendant have and continue to breach their express warranties as alleged herein, because The Tesla Model 3 lacks an effective brake control system at the time of sale; because Tesla fails to repair/fix the flaws in the brake control system through over-the-air updates and in-store.

48. As a result of Defendants' breach of express warranties as set forth above, Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### BREACH OF IMPLIED WARRANTY

49. Plaintiffs re-allege and incorporate by reference as fully set forth herein all paragraphs of the Complaint.

50. The Tesla Model vehicle belonging to Plaintiff is a manufactured good.

51. The transactions by which Plaintiff purchased The Model 3 was a transaction for the sale of goods and at all times relevant, Tesla was the seller of The Model 3 and placed it into the stream of commerce throughout the United States, including California, which Plaintiff purchased.

52. Plaintiffs purchased the Tesla Model 3 from Tesla stores.

53. The Model 3 came with an implied warranty that The Model 3 and any parts thereof were merchantable, were the same quality as those generally accepted in the trade, were not of poor or below average quality within the description and/or conformed to the affirmations of fact made by Tesla.

54. The Model 3, however, were non-conforming goods and/or goods that were not the same quality as those generally accepted in the trade, were of poor or below average quality within the description and/or did not conform to the affirmations of fact disseminated by Tesla because they lacked an effective brake control system.

55. The model 3, at all times relevant herein were not the same quality as those generally accepted in the trade, because other local and national businesses selling similar products to the same market have implemented safety features that actually eliminate the possibility of loss of control while the braking system used.

56. The Model 3, at all times relevant herein, were of poor or below average quality within the description of electric vehicles provided by Tesla.

57. The Tesla Model 3, at all times relevant herein, did not and do not have the quality that a buyer would reasonably expect.

58. As a direct and proximate result of the foregoing, Plaintiffs sustained loss and damage and did not receive the benefit of their bargain.

**THIRD CAUSE OF ACTION**
**BREACH OF WARRANTY SONG-BEVERLY CONSUMER WARRANTY ACT,**
**CIVIL CODE § 1790 *ET SEQ.***

59. Plaintiff re-allege and incorporate by reference as fully set forth herein, all paragraphs of Plaintiffs' Complaint.

60. The transaction by which Plaintiff purchased The Model 3 was for the sale of goods and at all times relevant, Defendant was a manufacturer, distributors, and/or designers of The Model 3 and placed it into the stream of commerce throughout the United States, including California.

61. Defendant was at all relevant times, jointly and severally, the manufacturer, distributor, warrantor, and/or seller of The Model 3. Defendants knew or had reason to know of the specific use for which The Model 3 was purchased. The Model three is a manufactured good.

62. The Model 3 came with an implied warranty that The Model 3 and any parts thereof are merchantable and fit for the ordinary purpose for which they were purchased, were the same quality as those generally accepted in the trade, were not of poor or below average quality within the description and/or conformed to the affirmations of fact made by Tesla specifically that items in its packages for The Model 3 was safe, warranty materials, and more generally in it product inserts, it provided along with the sale of The Model 3.

63. The braking defect in the The Model 3 Vehicles renders them non-conforming goods and/or goods that were not the same quality as those generally accepted in the trade, were not fit for the ordinary purposes for which the goods are used, were of poor or below average quality within the description and/or did not conform to the affirmations of fact made by Tesla in its

labeling, product inserts and/or warranty materials it provided along with the sale of the Model 3.

64. The Subject Vehicles, at all times relevant herein, were and are not fit for the ordinary purposes for which the goods are used, namely as a reasonably safe means of transportation, because the defective braking poses an unreasonable safety risk to Plaintiff and passenger(s) of The Model 3 when they operate the vehicles for their ordinary purposes.

65. The Model 3, at all times relevant herein, did not and do not have the quality that a buyer would reasonably expect. Tesla advertised the safety of the braking system and/or the safety and reliability of The Model 3 through various means to Plaintiff with an intent to sell The Model 3.

66. Tesla's written representations in the warranty manual(s), website, sales brochures, pamphlets, and other writings disseminated by Tesla in the promotion, marketing, and sales of The Model 3 constitute an express warranty and/or warranties to Plaintiff.

67. Tesla's written representations in the warranty manual(s), website, sales brochures, pamphlets and other writings disseminated by Tesla in promotion, marketing and sales of The Model 3 regarding the safety and reliability of Vehicles and the safety and reliability of the braking system were false representations of fact, that were known by the Defendants to be untrue at the time they were made and were intended to create reliance.

68. Tesla breached the express warranty by failing to make the regenerative braking system safe and reliable as it was described.

69. Tesla's breach caused injury to Plaintiff because Plaintiff did not get the benefit of their bargain, which included, *inter alia*, a safe and reliable vehicle.

70. Plaintiff substantially performed all of his obligations under the warranty, by presenting the Vehicles to authorized Tesla repair facilities during the warranty coverage period and/or by accepting all of the over-the-air updates provided by Tesla.

71. Tesla has failed and refused to take any action to date. At all times relevant, Tesla has failed and/or refused to repair the defects in the braking system.

72. As a direct and proximate result of the foregoing, Plaintiff sustained significant loss and damage, including but not limited to reduced fair market value and did not receive the benefit of their bargain: Plaintiff purchased a vehicle, which was unusable due to the safety risks it posed, instead of purchasing a vehicle from a competitor of Tesla that did not pose such safety risks.

## FOURTH CAUSE OF ACTION

## BREACH OF WARRANTY
## MAGNUSON-MOSS WARRANTY ACT, 15 U. S. C. § 2301 ET SEQ.

73.   Plaintiff re-allege and incorporate by reference as fully set forth herein all paragraphs of this Complaint. The Subject Vehicle and respective defective braking system on the model 3 are "consumer products" as that term is defined by 15 U. S. C. § 2301(1). Plaintiff is a "consumers" as that term is defined by 15 U. S. C. § 2301(3). Tesla is a "supplier" as that term is defined by 15 U. S. C. § 2301(4). Tesla is a "warrantor" as that term is defined by 15 U. S. C. § 2301(5). Tesla provided Plaintiff with "written warranties" as that term is defined by 15 U.

S. C. § 2301(6). The amount in controversy of the Plaintiffs' individual claim meets or exceeds the value of $25.00. In addition, the amount in controversy meets or exceeds the value of $75,000.00 (exclusive of interests and costs) computed on the basis of all claims to be determined in the suit.

74.  Section 15 U. S. C. § 2310(d)(1) provides that a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this title, or a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief in any court of competent jurisdiction in any state or in an appropriate District Court of the United States.

75. Tesla made statements in its advertising, promotion, marketing and sales of the Subject Vehicle, and by operation of law, constitute implied warranties that these vehicles are merchantable and fit for their intended purpose.

76. At all times relevant, Defendant had reason to know at the time of the lease/sale and delivery of the Subject Vehicle that they were required for a particular purpose, namely as means of safe transportation on the roads and highways of California and throughout the United States on the daily basis, and the braking system was meant to stop the vehicle without risk or danger of losing stability, or placing Plaintiff at increased risk of automobile collisions.

77. Plaintiffs' reasonable expectation was that the Subject Vehicle would function without an increased risk of car accidents, and that the Plaintiff, owners was relying on the manufacturer's skill and judgment to develop, design, manufacture, distribute, and sell a vehicle with a suitable braking system.

78. Tesla advertised the safety and reliability of the regenerative braking system and/or the safety of Tesla vehicles through various means to Plaintiff with an intent to sell The Model 3.

79. Tesla's written representations in the warranty manual(s), website, sales brochures, pamphlets, and other writings disseminated by Tesla in the promotion, marketing, and sales of the Model 3 constitute an express warranty and/or warranties to Plaintiff.

80. Tesla's written representations in the warranty manual(s), website, sales brochures, pamphlets and other writings disseminated by Tesla in promotion, marketing and sales of the Model 3 regarding the safety and reliability of The Model 3 and the safety and reliability of the braking system were false representations of fact, that were known by the Defendant to be untrue at the time they were made and were intended to create a reliance.

81. Tesla breached the express warranty by failing to make the regenerative braking system safe and reliable as it was described.

82. Tesla's breach caused injury to Plaintiff because Plaintiff did not get the benefit of their bargain, which included, *inter alia*, a safe and reliable vehicle.

83. Defendant breached these implied warranties by offering, selling or leasing the Subject Vehicles that, by their design and construction, contained defects that made the braking system inherently dangerous. Tesla also breached these warranties by failing to warn Plaintiff of the defects as alleged herein, which were, at all relevant times known to Tesla.

84. Plaintiff substantially performed all of the obligations under the warranty, by presenting the Vehicles to authorized Tesla repair facilities during the warranty coverage period and/or by accepting all of the over-the-air updates provided by Tesla.

85. At all times relevant, Tesla has failed and/or refused to repair the defects in the braking system.

86. As a direct and proximate result of the foregoing, Plaintiff and all the other sustained significant loss and damage, including but not limited to reduced fair market value and did not receive the benefit of the bargain: they purchased a vehicle, which was unusable due to the safety risks it posed, instead of purchasing a vehicle from a competitor of Tesla that did not pose such safety risks.

## FIFTH CAUSE OF ACTION

## BREACH OF CONTRACT

87. Plaintiff re-allege and incorporate by reference as fully set forth herein all paragraphs of this Complaint.

88. Plaintiff entered into a valid contract and paid sufficient consideration to purchase a Model 3 from Defendant.

89. Plaintiff substantially performed all of his obligations under the contract.

90. Defendant materially breached the contract for sale of The Model 3 by failing to deliver a merchantable vehicle.

91. As a direct and proximate result of the foregoing, Plaintiff sustained loss and damage and did not receive the benefit of their bargain.

16

## SIXTH CAUSE OF ACTION
## COMMON LAW FRAUD

92. Plaintiff incorporates by reference as fully set forth herein all paragraphs of this complaint.

93. Defendant knew that the Tesla Model 3 lacked a safe braking system and a tested and validated the system.

94. Defendants' representation was material, because it related to the safety The Model 3 and because reasonable consumers such as Plaintiff are likely to be influenced by the lack or presence of effective vehicle stability systems in deciding whether to purchase The Model 3.

95. Plaintiff reasonably and justifiably relied on Defendants' representation that they were selling The Model 3 equipped with a safe braking system and tested and validated system at that.

96. In reliance on Defendants' representation, Plaintiff purchased The Model 3.

97. As a direct and proximate result of the foregoing, Plaintiff was/is damaged because he would not have purchased the Tesla Model 3 had he known that those representations about the vehicles were false.

## SEVENTH CAUSE OF ACTION
## INTENTIONAL MISREPRESENTATION

98. Plaintiff re-allege and incorporate by reference as fully set forth herein all paragraphs of this Complaint.

99. Defendant intentionally represented that they were selling a Model 3 to Plaintiff with a safe braking system and a tested and validated it.

100.     Defendant knew that the Tesla Model 3 lacked a safe braking system, tested and validated it and continued to represent that it was repaired when it was not.

101.     Defendants' representation was material, because it related to the safety of The Model 3 because reasonable consumers such as Plaintiff are likely to be influenced by the lack or presence of effective vehicle braking systems in deciding whether to purchase the Model 3.

102.     Plaintiff justifiably relied on Defendants' representation regarding The Model 3.

103.     In reliance of Defendants' representation, Plaintiff purchased The Model 3.

104.     As a direct and proximate result of the foregoing, Plaintiff was damaged because he would not have purchased the Tesla Model 3 had they known that Defendants' representations were false.

### EIGHTH CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION

105.     Plaintiff re-allege and incorporate by reference as fully set forth herein all paragraphs of this complaint.

106.     Defendant represented that they were selling The Model 3 vehicle with safe non-defective braking system and a tested and validated it.

107.     Defendant had no reasonable grounds to believe that the Model 3 contained defective braking system.

18

108.     Defendants' representation was material, because it related to safety of the model 3 and because reasonable consumers like Plaintiff are likely to be influenced by the lack or presence of a braking systems in deciding whether to purchase these products.

109.     Plaintiff reasonably and justifiably relied on Defendants' representation regarding the Model 3. In reliance on Defendants' representation, Plaintiff purchased the Model 3.

110.     As a direct and proximate result of the foregoing, Plaintiffs and putative class members were damaged because they would not have purchased the Model 3 had they known Defendants' representations were false.

## NINTH CAUSE OF ACTION
## VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW
## BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ.*

111.     Plaintiff re-allege and incorporate by reference as fully set forth herein all paragraphs of this complaint.

112.     Plaintiff bring this claim against Defendant for their unlawful, unfair, fraudulent, untrue and/or deceptive business acts and/or practices pursuant to California Business and Professions Code § 17200 *et seq.* ("UCL"), which prohibits all unlawful, unfair and/or fraudulent business acts and/or practices.

113.     Plaintiff has standing to bring this claim on behalf of himself pursuant to California Business and Professions Code § 17200 *et seq,* because Plaintiff suffered injury-in-fact, *inter alia,* because he would not have purchased the Model 3 had he known that the Model 3 vehicle did not contain safe braking system and a tested and validated brake control system or would have paid less for the Subject Vehicle.

114.    Tesla had exclusive knowledge of the fact that The Model 3 did not contain a safe braking system and a tested and validated brake control system.

115.    The lack of a safe braking system and a tested and validated brake control system in The Model 3 is material as alleged herein.

116.    Tesla had a duty to disclose the lack of a safe braking system and a tested and validated braking control system in The Model 3 alleged herein.

117.    Tesla actively concealed the lack of a safe braking system and a tested and validated brake control system from Plaintiff.

118.    Tesla actively concealed the fifth service visit on January 28, 2021 where it failed to reconnect the brakes after the fourth service visit on January 28, 2021 for the brakes by not producing a record to Plaintiff of the visit ever happening.

119.    Tesla intended to deceive Plaintiff by concealing the lack of a safe braking system and a tested and validated braking control system, motivated by market share and profit margin.

120.    At all relevant times herein, Tesla affirmatively represented that The Model 3 had a safe regenerative braking system and a tested and validated the brake control system, and intentionally failed to include those systems in The Model 3.

121.    Ordinary consumers such as Plaintiff would not have recognized the fact that the Tesla Model 3 lacked safe braking system and a tested and validated brake control system, because of Tesla's misrepresentations. Thereby, Plaintiff was likely to be deceived.

122.   Plaintiff relied on Tesla' nondisclosure and affirmative misrepresentations and purchased the Model 3 and were damaged as alleged herein.

123.   Tesla's conduct, as fully described herein, constitutes acts of untrue and misleading advertising and is, by definition, violation of California Business and Professions Code § 17200 *et seq.* Such conduct offends the established public policy of the State of California and is immoral, unethical, oppressive, unscrupulous and substantially injurious.

124.   These advertisements, due to the national scope and extent of Defendants multi-media campaign, were uniformly made to Plaintiff. Plaintiff's act of purchasing the Model 3 were consistent with basing such decisions upon such advertisements, and thus formed part of the basis for the transaction at issue, or the benefit of the bargain, which was material; had Plaintiff known differently as to the lack of safe braking system and a tested and validated brake control system in The model 3 he would not have purchased The Model.

125.   Tesla's misconduct as alleged in this action constitutes negligence and other tortious conduct and this misconduct gave Defendant an unfair competitive advantage over their competitors.

126.   On the basis of balancing the welfare of the community and public interest, the utility to Tesla is *de minimus*, so that the conduct of Tesla is morally reprehensible, unethical and unscrupulous. Tesla's practice is offensive to public policy and is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

127.   The acts, omissions, misrepresentations, practices and non-disclosures of

128.     Defendant as alleged herein constitute unlawful, unfair and/or fraudulent business acts and/or practices within the meaning of California Business and Professions Code § 17200 *et seq.*

129.     The acts, omissions, misrepresentations, practices, non-disclosures and/or concealments of material facts, and/or deception alleged in the preceding paragraphs occurred in connection with Defendants' conduct of trade and commerce in the United States and in California.

130.     The unlawful, unfair, deceptive and/or fraudulent business practices and/or false and misleading advertising of Tesla, as fully described herein, present a continuing injury to Plaintiff as alleged herein.

131.     As a direct and proximate result of the aforementioned acts, Defendant received monies expended by Plaintiff who purchased The Model 3.

132.     Pursuant to California Business and Professions Code § 17203 of the UCL, Plaintiff seeks an order of this Court enjoining Tesla from continuing to engage in unlawful, unfair or fraudulent business practices, and any other act prohibited by the UCL.

133.     In addition to the relief requested in the Prayer below, Plaintiffs seek the imposition of a constructive trust over, and restitution of, the monies collected, and profits realized by Defendant.

COMPLAINT – Jason Alan v. Tesla Motors Inc

**TENTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW ("FAL"),**

**CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500 *ET SEQ.*.**

134.     Plaintiff re-allege and incorporate by reference as fully set forth herein paragraphs of this complaint.

135.     Plaintiff brings this claim on behalf of himself againt Defendant for their unlawful, unfair, fraudulent, untrue and/or deceptive business acts and/or practices pursuant to California Business and Professions Code § 17500 *et seq.* ("FAL"), which prohibits all unlawful, unfair and/or fraudulent business acts and/or practices.

136.     FAL makes it unlawful for any person, firm, corporation or association, or any employee thereof, with intent directly or indirectly to dispose of personal property to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public n any state, in any advertising device, or by public outcry or proclamation, or in any other manner or means whatever any statement, concerning that real or personal property which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

137.     Defendant is a persons, firm, corporation or associations, or employees of thereof.

138.     The Tesla Model 3 is personal property.

139.    Defendant made statements to the public, including Plaintiff concerning the Model 3, stating that The Model 3 contained safe braking system and a tested and validated brake control system, with an intent to dispose of The Model 3.

140.    Said statement regarding the Model 3 was untrue or misleading.

141.    Said statement was known by Defendant to be untrue, or by the exercise of reasonable care should have been known to be untrue or misleading.

142.    Plaintiff requests restitution of the moneys paid, disgorgement of profits made by Defendant as a result of the foregoing.

### ELEVENTH CAUSE OF ACTION
### QUASI CONTRACT/RESTITUTION/UNJUST ENRICHMENT

143.    Plaintiffs re-allege and incorporate by reference as fully set forth herein all paragraphs of this complaint.

144.    Plaintiffs bring this cause of action on behalf of himself.

145.    Defendant intentionally and recklessly made misrepresentations and concealed facts about The Model 3 to Plaintiff with an intent to induce him to purchase The Model 3.

146.    In reliance on Defendants' misrepresentations and concealment, Plaintiff believed that The Model 3 contained a safe braking system and a tested and validated braking control stability system.

147.    Plaintiff made monetary payments to Defendant Tesla to purchase The Model 3.

24

148.    Defendant was unjustly enriched by any payments Plaintiff made to Defendant that resulted from the misrepresentations and concealment.

149.    Therefore, is entitled to restitution based on the quasi contract between Plaintiff and Defendant.

## **PRAYER**

WHEREFORE, Plaintiff,  prays for judgment against Defendant as follows:

a.    For actual damages, if adequate;

b.    Return of the model 3, Refund of purchase price including any additional and consequential damages suffered by Plaintiffs;

c.    Return of all finance charges incurred by Plaintiff for the MODEL 3;

d.    For restitution, as appropriate;

e.    For statutory pre-judgment interest;

f.    For reasonable attorneys' fees and the costs of this action (If any);

g.    For an order enjoining Defendants from making false representations about The Model 3 vehicle.

h.    For declaratory and/or equitable relief under the causes of action stated herein; and

i.    For general special damages according to proof at trial;

j.    For punitive damages against defendant according to proof at trial and using the applicable punitive damages standards from the involved statues;

k.    For such other relief as this Court may deem just and proper.

l.    For treble damages pursuant to Cal Penal Code 3345

## JURY

Plaintiff reserves her right under Section 16 of Article 1 of the Constitution of the State of California to a trial by jury and hereby demands a trial by jury on all issues so triable.

Dated: February 22, 2021

By: /s/Jason Alan.

JASON ALAN

COMPLAINT – Jason Alan v. Tesla Motors Inc





**UNITED STATES POSTAL SERVICE®** | **PRIORITY® MAIL**

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

**TRACKED ■ INSURED**



PS00001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.