1   Soheyl Tahsildoost (Bar No. 271294) (st@thetafirm.com)
    THETA LAW FIRM, LLP
2   15901 Hawthorne Blvd., Ste. 270
    Lawndale, CA 90260
3   Telephone: (424) 297-3103
    Facsimile: (424) 286-2244
4   eservice@thetafirm.com

5   Attorneys for Defendant Tesla, Inc.

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  JASON ALAN,                        )  Case No.: 2:21-cv-01800-ODW-AGR
                                       )
12          Plaintiff,                 )  **MEMORANDUM OF POINTS AND**
                                       )  **AUTHORITIES IN SUPPORT OF**
13      vs.                            )  **DEFENDANT TESLA, INC.'S**
                                       )  **NOTICE OF MOTION AND**
14  TESLA MOTORS, INC; Does 1-10       )  **MOTION TO COMPEL BINDING**
    inclusive,                         )  **ARBITRATION**
15                                     )
            Defendants.                )  Date: May 17, 2021
16                                     )  Time: 1:30 p.m.
                                       )
17                                     )
                                       )  Complaint Filed:    February 23, 2021
18                                     )
                                       )
19                                     )  Judge: Hon. Otis D. Wright, II
                                       )  Dept: Courtroom 5D – 5th Floor
20                                     )
                                       )
21  _____       )

22       **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

23       **PLEASE TAKE NOTICE** that on May 17, 2021 at 1:30 p.m., in Department 5D

24  – 5th Floor in the Central District of California, First Street Courthouse, located at 350 W.

25  1st Street, Los Angeles, CA. 90012, Defendant Tesla, Inc. ("Tesla") will move, and

26  hereby moves the Court for an order (i) compelling Plaintiff Jason Alan to arbitrate his

27  claims in accordance with his arbitration agreement with Tesla; and (ii) staying this

28  action pending the outcome of arbitration.

                                       1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This motion is authorized by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, California Code of Civil Procedure § 1281 et seq. and supported by the accompanying Memorandum of Points and Authorities, Request for Judicial Notice and exhibits thereto, Declaration of Soheyl Tahsildoost and exhibits thereto, Declaration of Raymond Kim and exhibits thereto; any reply memorandum that Tesla may file; all of the records on file in this action; and by such other written and oral argument as may be presented to the Court.

Dated:  April 8, 2021            THETA LAW FIRM, LLP

_____
SOHEYL TAHSILDOOST
Attorneys for defendant Tesla, Inc.

MEMORANDUM  OF POINTS  AND  AUTHORITIES  IN SUPPORT OF DEFENDANT  TESLA, INC.'S  NOTICE OF MOTION  AND MOTION  TO COMPEL BINDING  ARBITRATION

## MEMORANDUM OF POINTS AND AUTHORITIES

When Jason Alan ("Plaintiff") ordered his 2019 Tesla Model 3 ("Vehicle") from Tesla, he agreed to be bound by the terms and conditions of a Motor Vehicle Order Agreement ("Order Agreement") requiring him to resolve any disputes between him and Tesla by arbitration through the American Arbitration Association ("AAA").  On April 1, 2021, Tesla requested Plaintiff stipulate to arbitration, pursuant to his agreement to arbitrate, but Plaintiff did not agree to this request.  (Decl. of Soheyl Tahsildoost ("Tahsildoost Decl.") ¶ 3.)  The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, and California Code of Civil Procedure § 1281 *et seq.,* require Plaintiff to honor his agreement, including the provision regarding arbitral forum.

Plaintiff's obligation to comply with Tesla's election for arbitration is undeniable, per the California Supreme Court's holding that applicable law requires enforcement of an arbitration provision similar to the one found in the Order Agreement here.  (*Sanchez v. Valencia Holding Co.* (2015) 61 Cal.4th 899.)  Indeed, Plaintiff's arbitration provision is even more favorable to purchasers than the one upheld in *Sanchez*.  For example, Plaintiff is not subject to any arbitration fees, while under the provision at issue in *Sanchez*, a purchaser could be subject to the arbitration fees by decision of the arbitrator.  Moreover, Plaintiff was expressly provided with the opportunity to freely opt out of the arbitration agreement within a thirty window of executing the Order Agreement that contained the arbitration provision.

Plaintiff should be compelled to arbitrate his claims against Tesla in accordance with his arbitration agreement.  In the meantime, this action should be stayed pursuant to Code Civ. Proc. § 1281.2 and Section 3 of the FAA. (Code Civ. Proc. § 1281.2; 9 U.S.C. § 3.).

## BACKGROUND

### A. Plaintiffs' Arbitration Agreements

Plaintiff placed an order for a 2019 Tesla Model 3 from Defendant Tesla, Inc. on or about June 24, 2019.  (Declaration of Raymond Kim (Kim Decl.) ¶ 3.)  In placing that

order, Plaintiff executed the Order Agreement, thereby agreeing to be bound by its terms and conditions, which included an agreement to arbitrate. (Kim Decl. ¶ 3; Order Agreement, Exhibit 1 to Kim Decl.)  A true and correct copy of the Order Agreement is attached as Exhibit 1 to the Declaration of Raymond Kim.

The order was placed by clicking a Place Order button on Tesla's website.  (*Id.* at ¶ 4.)  Plaintiff would not have been able to place the order without clicking this button on Tesla's website or authorizing someone to do so on Plaintiff's behalf.  (*Id.*)  Importantly, prior to placing the order, Plaintiff would have seen text and been advised that Plaintiff was agreeing to the Order Agreement's terms and conditions.  (*Id.* at ¶ 4.)  There was a hyperlink to the Order Agreement terms and conditions that the Plaintiff could click on and view prior to proceeding with the order.  If Plaintiff clicked on this hyperlink, a new window would open revealing the Order Agreement.  (*Id.*)  Once executed, the Order Agreement became available on the Plaintiff's mytesla.com account and remains for as long as Plaintiff owns the vehicle.  (*Id.*)

The Agreement to Arbitrate is prominently displayed with a distinctive border on page 2 of the Order Agreement terms and conditions, and reads in full as follows (all bold, italicized, and/or capitalized formatting is in the original):

> **Agreement to Arbitrate.**  Please carefully read this provision, which applies to any dispute between you and Tesla, Inc. and its affiliates, (together "Tesla").
>
> If you have a concern or dispute, please send a written notice describing it and your desired resolution to resolutions@tesla.com.
>
> If not resolved within 60 days, you agree that any dispute arising out of or relating to any aspect of the relationship between you and Tesla will not be decided by a judge or jury but instead by a single arbitrator in an arbitration administered by the American Arbitration

Association ("AAA") under its Consumer Arbitration Rules. This includes claims arising before this Agreement, such as claims related to statements about our products.

We will pay all AAA fees for any arbitration, which will be held in the city or county of your residence. To learn more about the Rules and how to begin an arbitration, you may call any AAA office or go to www.adr.org.

The arbitrator may only resolve disputes between you and Tesla, and may not consolidate claims without the consent of all parties. The arbitrator cannot hear class or representative claims or requests for relief on behalf of others purchasing or leasing Tesla vehicles. In other words, you and Tesla may bring claims against the other only in your or its individual capacity and not as a plaintiff or class member in any class or representative action. If a court or arbitrator decides that any part of this agreement to arbitrate cannot be enforced as to a particular claim for relief or remedy, then that claim or remedy (and only that claim or remedy) must be brought in court and any other claims must be arbitrated.

If you prefer, you may instead take an individual dispute to small claims court.

You may opt out of arbitration within 30 days after signing this Agreement by sending a letter to: Tesla, Inc.; P.O. Box 15430; Fremont, CA 94539-7970, stating your name, Vehicle Identification Number, and intent to opt out of the arbitration provision. If you do

not opt out, this agreement to arbitrate overrides any different arbitration agreement between us, including any arbitration agreement in a lease or finance contract.

(Order Agreement, Ex. 1 to Kim Decl., Page 4.)

While the purchaser may opt out of the Agreement to Arbitrate by sending a letter to Tesla stating that intention within thirty days of executing the Order Agreement, Plaintiff did not do so.  (Kim Decl. ¶ 5.)  Tesla maintains letters in which its customers opted out of the Agreement to Arbitrate, but it did not receive any such letter from Plaintiff.  (*Id.*)

Moreover, in addition to electronically executing the Order Agreement, on June 25, 2019 Plaintiff also executed, in wet ink, a confirmation on the last page of Exhibit 1 that further confirms Plaintiff agrees to the terms and conditions of the Order Agreement.  (*Id.* at ¶ 8.)

## B. Plaintiff's Lawsuit

Plaintiff filed this lawsuit on or about February 23, 2021 against Tesla.  Plaintiff alleges that Tesla is liable for: (1) "Breach Express Warranty"; and (2) "Breach of Implied Warranty"; (3) "Breach of Warranty Song-Beverly Consumer Warranty Act"; (4) "Magnuson-Moss Warranty Act"; (5) "Breach of Contract"; (6) "Common Law Fraud"; (7) "Intentional Misrepresentation"; (8) "Negligent Misrepresentation"; (9) "Violation of the California Unfair Competition Law Business and Professions Code §§ 17200 et seq."; (10) "Violation of False Advertising Law California Business and Professions Code §§ 17500 et seq."; and (11) "Quasi Contract/Restitution/Unjust Enrichment."  (Collectively, "Plaintiff's Claims") (See Plaintiff's Complaint, Exhibit 2 to Tahsildoost Decl., ¶¶ 37-149.)  Plaintiff seeks actual damages, return of the Vehicle, refund of purchase price, consequential damages, return of all finance charges, restitution, prejudgment interest, attorney's fees, costs, order enjoining Defendant, declaratory and/or equitable relief, general special damages, punitive damages, treble damages, and other relief the Court

may deem just and proper.  (*Id.*)

## ARGUMENT

### I.  The FAA, as well as California Law, Requires Compliance with Plaintiff's Agreement to Arbitrate with Tesla.

Plaintiff's Claims against Tesla must be arbitrated.  Indeed, Plaintiff unambiguously agreed to arbitrate any dispute with Tesla "arising out of or relating to **any aspect of the relationship between you and Tesla**".  (Order Agreement, Exhibit 1 to Kim Decl., Page 4.)  As explained above, by placing the order for the subject Vehicle on Tesla's website, Plaintiff specifically agreed to be bound by the Order Agreement which included the Agreement to Arbitrate.  (Kim Decl. ¶ 4.)  Courts have routinely recognized that a customer accepts a "clickwrap" or "clickthrough" agreement's terms in similar circumstances, even in the absence of evidence that the consumer has read the terms of the agreement.  (*See, e.g. Wiseley v. Amazon.com, Inc.* (9th Cir. Sept. 19, 2017) No. 15-56799, 2017 WL 4150341 (affirming order compelling arbitration pursuant to California law; "[t]he notices on Amazon's checkout and account registration pages, which alerted [Plaintiff] that clicking on the corresponding action button constituted agreement to the hyperlinked COU, were in sufficient proximity to give him a 'reasonable opportunity to understand' that he would be bound by additional terms"); *Ftjea v. Facebook, Inc.* (S.D.N.Y. 2012) 841 F.Supp.2d 829 (finding that user assented to terms of use and forum selection clause by clicking "Sign Up" where the following text appeared below the button: "By clicking Sign Up, you are indicating that you have read and agree to the Terms of Service" and, at p. 837, collecting cases enforcing forum selection clauses in clickwrap agreements.).) The same result follows here.

California law is clear that arbitration provisions contained in agreements such as the Order Agreement must be upheld.  Pursuant to Code Civ. Proc § 1281.2, on petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party to the agreement refuses to arbitrate that

controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists.  Here, a written agreement to arbitrate a controversy exists.  (Order Agreement, Exhibit 1 to Kim Decl., Page 4.)  Further, Tesla has requested that Plaintiff stipulate to arbitration, yet Plaintiff has refused.  (Tahsildoost Decl. ¶ 3.)

With respect to the enforceability of an agreement to arbitrate, States are obligated "to treat arbitration agreements the same as other types of contracts, and prohibits them from disfavoring or burdening arbitration agreements compared to other types of contracts."  (*Turtle Ridge Media Group, Inc. v. Pacific Bell Directory* (2006) 140 Cal.App.4th 828, 832.)  California law mandates that the Court must grant a petition to compel arbitration "unless it determines that: (a) The right to compel arbitration has been waived by the petitioner; or (b) Grounds exist for the revocation of the agreement." (*Condee v. Longwood Management Corp.* (2001) 88 Cal.App.4th 215, 219.)  Here, it is clear that arbitration has not been waived by the Defendant, as Tesla asserted its right to arbitration upon its appearance in this matter.  Nor are there any grounds for the revocation of the agreement, as there are no indicia that the arbitration clauses were the result of fraud, duress, or are unconscionable.  Thus, the arbitration agreement in this case must be enforced.

The FAA also requires enforcement of Plaintiff's arbitration agreement.  The FAA applies to any arbitration agreement that is "written" and in a contract "evidencing a transaction involving commerce."  (9 U.S.C. § 2.)  Both criteria are met here: (i) the arbitration provision is in writing (*see* Order Agreement, Exhibit 1 to Kim Decl., Page 4), and (ii) automotive sale contracts necessarily involve interstate commerce, because even when used intra-state, "cars are themselves instrumentalities of interstate commerce." (*United States v. Oliver* (9th Cir. 1995) 60 F.3d 547, 550; see also *Sanchez*, 61 Cal.4th at 906 (applying FAA to similar automotive sales contract).)

Under the FAA, Plaintiff's arbitration agreement is "valid, irrevocable, and

enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." (9 U.S.C. § 2.)  As the U.S. Supreme Court has explained, "[t]he overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." (*AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333, 344).  And this "liberal federal policy favoring arbitration agreements" applies "notwithstanding any state substantive or procedural policies to the contrary." (*Id.* at 346 (quotation marks omitted); *accord*, *e.g.*, *Murphy v. DirecTV, Inc.* (9th Cir. 2013) 724 F.3d 1218, 1225.)  The FAA not only "preempts any state rule discriminating on its face against arbitration—for example, a 'law prohibit[ing] outright the arbitration of a particular type of claim'," but also "displaces any rule that covertly accomplishes the same objective by disfavoring contracts that . . . have the defining features of arbitration agreements." (*Kindred Nursing Centers v. Clark* (U.S. May 15, 2017) 2017 WL 2039160, at *4.)

Here, no grounds "exist at law or in equity for the revocation of [Plaintiff's arbitration agreement]". (9 U.S.C. § 2.)  Any contention, for instance, that the arbitration provision is unconscionable would squarely conflict with binding precedent from both the California and United States Supreme Courts.

In fact, the California Supreme Court's decision in *Sanchez* leaves no doubt that the arbitration agreement in this case is fully enforceable.  In *Sanchez*, the Court upheld the entirety of a substantially similar arbitration provision against a wide array of unconscionability challenges. (61 Cal.4th at 913-24.)  *Sanchez* arose from the plaintiff's purchase of a used Mercedes-Benz from a California auto dealer—a "high-end luxury item" purchased for approximately $53,500.00 (*id.* at 907, 921), virtually the same purchase price of Plaintiff's Vehicle here.  Like Plaintiff here, the plaintiff in *Sanchez* agreed to a standard, preprinted form contract containing an arbitration provision—the terms of which are similar to those at issue in this case. (*Compare id.* at 907-08 *with* Order Agreement, Exhibit 1 to Kim Decl., Page 4.)

In upholding the enforceability of the arbitration agreement; the California Supreme Court rejected a number of unconscionability arguments raised by the plaintiff in that case:

- The defendant "was under no obligation to highlight the arbitration clause of its contract, nor was it required to specifically call that clause to [plaintiff's] attention"; indeed, the Court explained, "[a]ny state law imposing such an obligation would be preempted by the FAA." (61 Cal.4th at 914 (citing *Doctor's Assocs., Inc. v. Casarotto* (1996) 517 U.S. 681, 684, 687-88).)

    - In any event, in this case, the arbitration clause was set off in its own text box and prominently displayed on page 2 of the Order Agreement terms and conditions. (*See,* Order Agreement, Exhibit 1 to Kim Decl., Page 4.)

- The provision requiring the seller to "advance the car buyer's filing, administration, service, and case management fees and arbitrator or hearing fees 'up to a maximum of $2,500, which may be reimbursed' at the arbitrator's discretion" was not unconscionable. Although the Court of Appeal had held that the provision was inadequate in connection with the arbitration appeal process, the Supreme Court rejected that argument, noting that California has statutory protections waiving all arbitration fees for indigent consumers and that plaintiff had failed to demonstrate that the appellate arbitration filing fees were unaffordable for his purchase of a "high-end luxury item." (*Id.* at 917-21.)

    - Notably, in this case, the consumer is not required to advance any fees at all, as the Agreement to Arbitrate states "We will pay all AAA fees for any arbitration." (*See* Order Agreement,

Exhibit 1 to Kim Decl., Page 4.)

- Finally, in light of *Concepcion*, the FAA preempted any state-law holding that the class-action waiver was unconscionable. (*Sanchez, supra,* 61 Cal.4th at 923-24.)

  - Such a provision is also included in the Agreement to Arbitrate between Plaintiff and Tesla.  (Order Agreement, Exhibit 1 to Kim Decl., Page 4.)

It is clear the provisions in the Agreement to Arbitrate between Plaintiff and Tesla are even more consumer-friendly than those in the agreement upheld in *Sanchez*.

## II.   Plaintiff's Claims Fall Squarely Within the Scope of the Arbitration Clause.

Further, all of Plaintiff's Claims fall well within the scope of the Agreement to Arbitrate.  The relevant language in the arbitration provision provides that the parties agree: "**any dispute** arising out of or relating to **any aspect** of the relationship between you and Tesla will not be decided by a judge or jury but instead by a single arbitrator in an arbitration administered by the American Arbitration Association ("AAA") under its Consumer Arbitration Rules."  (Order Agreement, Exhibit 1 to Kim Decl., Page 4.)  All of the Plaintiff's claims arise out of the relationship between Plaintiff and Tesla.

Plaintiff's Complaint is brought primarily under the Song Beverly Consumer Warranty Act and Magnuson-Moss Warranty Act, which create statutory claims arising out of retail purchases made by consumers of vehicles.  Here, Plaintiff's Claims on their face arise directly out of the *relationship* between Plaintiff as purchaser/consumer and Tesla as the manufacturer/retailer/warrantor/repair facility.  There would be no claim for breach of warranty under the Song-Beverly Consumer Warranty Act or Magnuson-Moss Warranty Act but for these relationships, as Plaintiff's Claims in the Complaint allege that this action arises out of the warranty obligations of Tesla, for a vehicle purchased by Plaintiff, for which Tesla issued a written warranty, and for which implied warranties

11

arose by virtue of the purchase.  (See, Plaintiff's Complaint, Exhibit 2 to Tahsildoost Decl.)  Thus, the Plaintiff's claims necessarily arise out of the "relationship" between the parties insofar as it relates to the sales and repair transactions between the parties.  Put differently, Plaintiff's claims for breach of express and implied warranties under the Song-Beverly Consumer Warranty Act and Magnuson-Moss Warranty Act arise out of Tesla's manufacture of the Vehicle, the sale of the Vehicle to Plaintiff by Tesla, Tesla warranting the Vehicle, and Tesla's repairs to the Vehicle, all of which arise out of and relate to the relationship between the parties.  In fact, courts have routinely held that Song-Beverly and Magnuson-Moss claims are subject to arbitration. (See, *Felisilda v. FCA US LLC* (2020) 53 Cal.App.5th 486; In re Apple iPhone 3G Products Liability Litigation (N.D. Cal. 2012) 859 F.Supp.2d 1084, 1091.)

With respect to Plaintiff's remaining claims for breach of contract, common law fraud, intentional misrepresentation, negligent misrepresentation, violation of the California Unfair Competition Law Business and Professions Code §§ 17200, violation of false advertising law California Business and Professions Code §§ 17500, and quasi contract/restitution/unjust enrichment, all of the foregoing claims are premised on alleged violations in connection with the sale of the Vehicle, which necessarily arise out of and relate to the relationship between the parties as purchaser/consumer and manufacturer/retailer.  The breach of contract and "quasi contract/restitution/unjust enrichment" claims appears to be a claim that the sale contract was breached, and thus relates to the relationship between Tesla and Plaintiff.  The fraud and misrepresentation claims relate to alleged misrepresentations made in connection with the sale of the Vehicle, and again relate to the relationship between the parties.  Similarly, the claims brought under the UCL and FAL both relate to the sale and alleged false advertising, all of which fall squarely within the scope of the arbitration clause.

All of Plaintiff's Claims therefore fall squarely within the scope of the binding arbitration provision as they all expressly arise out of and relate to the relationship

between Plaintiff and Tesla.

Moreover, although there is zero uncertainty as to whether Plaintiff's Claims should be subject to arbitration, if there was a doubt, the Supreme Court has held that, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." (*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.* (1983) 460 U.S. 1, 24-25; *accord, e.g.*, *Sandquist v. Lebo Auto., Inc.* (2016) 1 Cal.5th 233, 255 (quoting *Moses H. Cone*).).

## III.   Plaintiff's Claims Should Be Stayed Pending Arbitration.

Lastly, per Code of Civil Procedure § 1281.4, as well as 9 U.S.C. § 3, if an application has been made to a court of competent jurisdiction for an order to arbitrate a controversy which is an issue involved in an action or proceeding pending before a court of this State and such application is undetermined, the court in which such action or proceeding is pending shall, upon motion of a party to such action or proceeding, stay the action or proceeding until the application for an order to arbitrate is determined and, if arbitration of such controversy is ordered, until an arbitration is had in accordance with the order to arbitrate.

Accordingly, per Code of Civil Procedure § 1281.4 and 9 U.S.C. § 3, given that Defendant has filed this motion to compel arbitration, the Court should stay the instant case pending the outcome of this motion and thereafter, the outcome of arbitration.

## CONCLUSION

The Court should grant Tesla's motion and order that Plaintiff's claims be arbitrated in accordance with the arbitration provision in the Order Agreement, as well as stay the instant proceedings until such arbitration has been had in accordance with the terms of the agreement between the parties.

DATED: April 8, 2021               THETA LAW FIRM, LLP

_____

SOHEYL TAHSILDOOST
Attorney for defendant Tesla, Inc.

13

**PROOF OF SERVICE**
**(FRCP 4(l); Code Civ. Proc., § 1013a(3) Revised 5-1-88)**

I am over the age of 18, not a party to this action, and employed in the county where this mailing occurred. My business address is 15901 Hawthorne Blvd., Suite 270, Lawndale, CA 90260. On **April 8, 2021**, I served the following documents described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TESLA, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL BINDING ARBITRATION** on interested parties in this action by placing original/true copies thereof in sealed envelopes addressed as follows:

| | |
|---|---|
| Jason Alan, Pro Se<br>291 Sequoia Ct #24<br>Thousand Oaks, CA 91360<br>818-523-7456<br>bizagent818@gmail.com email | |

☐     BY MAIL: I deposited such envelope in the mail at Lawndale, California. The envelope was mailed with proper postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Said mailing is deposited with the United States Postal Service on that same day in the ordinary course of business and there is delivery service by United States mail at the place so addressed. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐     BY PERSONAL SERVICE: I delivered such envelope by hand to the individual(s) listed on the above service list.

☒     BY ELECTRONIC TRANSMISSION: I caused to be electronically transmitted such document referenced above to the individual(s) listed on the above service list.

☐     BY FACSIMILE TRANSMISSION: I transmitted the facsimile to the individual(s) listed on the above service list at the facsimile number listed thereon. The telephone number on the facsimile machine I used is (424) 286-2244. The facsimile machine I used complied with Rule 2.306 and no error was reported by the machine. Pursuant to Rule 2.306, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

☐     BY OVERNIGHT DELIVERY: I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person at the above-address. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **April 8, 2021** at Lawndale, California.

_____
Steven Correa