Soheyl Tahsildoost (Bar No. 271294) (st@thetafirm.com)
THETA LAW FIRM, LLP
15901 Hawthorne Blvd., Ste. 270
Lawndale, CA 90260
Telephone: (424) 297-3103
Facsimile: (424) 286-2244
eservice@thetafirm.com

Attorneys for Defendant Tesla, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ALAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TESLA MOTORS, INC; Does 1-10 inclusive,<br><br>　　　　Defendants. | Case No.: 2:21-cv-01800-ODW-AGR<br><br>**DEFENDANT TESLA, INC.'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>Date: June 28, 2021<br>Time: 1:30 p.m.<br><br>Complaint Filed:　February 23, 2021<br><br>Judge: Hon. Otis D. Wright, II<br>Dept: Courtroom 5D – 5th Floor |

　　Defendant hereby submits its Reply in Support of Defendant's Motion to Compel Arbitration ("Motion") in the above-captioned case.

//
//
//
//
//

1

**DEFENDANT TESLA, INC.'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION**

# REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION

## I. INTRODUCTION

Plaintiff's Opposition ("Opposition") to Defendant's Motion to Compel Arbitration ("Motion") raises non-meritorious objections to Defendant Tesla, Inc.'s ("Tesla") right to arbitration, each of which is addressed below in more detail: (a) Plaintiff's Opposition is untimely; (b) the Order Agreement is not procedurally or substantively unconscionable; (c) Defendant has not waived its right to arbitration, but instead has promptly pursued its rights; (d) Defendant is not equitably estopped from compelling arbitration; and (e) Song-Beverly claims are subject to arbitration.

## II. ARGUMENT

### a. Plaintiff's Opposition is Untimely

Per the United States District Court, Central District of California Local Rules, L.R. 7-9, an opposition shall be served and filed no later than twenty-one days before the date designated for the hearing of the motion. Given the instant Motion to Compel Arbitration is scheduled to be heard on June 28, 2021, Plaintiff's opposition was to be filed and served no later than June 7, 2021. However, Plaintiff's opposition was not served until June 14, 2021. Accordingly, Defendant respectfully requests that the Court decline to consider the opposing memorandum and consider the failure to file within the deadline consent to the granting of the Motion, in accordance with United States District Court, Central District of California Local Rules, L.R. 7-12.

### b. The Arbitration Provision in the Order Agreement is Valid and Enforceable

#### i. The Arbitration Provision Is Not Procedurally Unconscionable.

Plaintiff's argument regarding procedural unconscionability seems to wrongly conflate Defendant voluntarily providing a pre-litigation qualified dispute resolution process (that is binding on Defendant but not binding on a Plaintiff) in compliance with Cal. Civ. Code, § 1794(e)(2) with Defendant's ability to compel arbitration, once litigation has commenced, through the Order Agreement. In reality, one of the main

2

**DEFENDANT TESLA, INC.'S REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL ARBITRATION**

purposes of Civil Code § 1793.22 is to create a presumption that the "reasonable number of repair attempts" element of an action under the Song-Beverly Act has been satisfied where the requirements of Section 1793.22 are met. However, this presumption cannot be asserted unless the consumer first resorts to the existing "qualified third-party dispute resolution process" to the extent that a manufacturer maintained one. (Civil Code § 1793.22(c).) The existence of a non-binding pre-litigation dispute resolution process has absolutely nothing to do with the fact that the final and binding legal dispute must be decided by arbitration as opposed to in Court. The existence of a non-binding dispute resolution process in no way contradicts or prevents Defendant from requiring that legal disputes be resolved by binding arbitration rather than through litigation in court. A pre-litigation dispute resolution program also in no way conflicts with the terms of the Order Agreement. One simply has nothing to do with the other. Otherwise, if the Court were to entertain Plaintiff's argument, it would mean that any party that offers a voluntary dispute resolution program pre-litigation is prevented from requiring binding arbitration per explicit contract terms simply because a pre-litigation voluntary program is also being offered. This would not only have no basis in the law, but it would also infringe on the public policy of getting disputes resolved without needing to initiate litigation every single time. (See, e.g., *Sanchez v. Valencia* (2015) 61 Cal.4th 899, 909-910.) Moreover, the arbitration provision in the Order Agreement unambiguously states that "If you do not opt out, this agreement to arbitrate overrides any different arbitration agreement between us […]" (Order Agreement, Exhibit 1, Kim Decl., page 5.) Lastly, while Plaintiff argues he had no meaningful choice but to assent to the terms of the Order Agreement, this is of course untrue given the Order Agreement provides the option for Plaintiff to freely opt-out of the arbitration provision. (*Id.*) Therefore, Plaintiff's arguments regarding procedural unconscionability should be disregarded.

### ii. The Arbitration Provision Is Not Substantively Unconscionable

Plaintiff's argument in support of substantively unconscionability is similarly

3

**DEFENDANT TESLA, INC.'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION**

misguided. While Plaintiff claims Defendant's arbitration provision allows Defendant to "cherry pick the forum in which a consumer brings a legal action", this is untrue. (Opposition, page 6, ¶¶ 23-24.) Rather, the arbitration provision in the Order Agreement explicitly states any dispute between the parties shall be decided in an arbitration proceeding administered by the American Arbitration Association under its Consumer Arbitration Rules. (Order Agreement, Exhibit 1, Kim Decl., page 5.)

Plaintiff goes on to cite to *Armendariz v. Foundation Health Psychcare Services, Inc.*, in support of the argument that the Order Agreement's arbitration provision is "overly harsh or one-sided." (Opposition, page 7, ¶¶ 1-2.) *Armendariz* (an employment law case) states "it is unfairly one-sided for an employer with superior bargaining power to impose arbitration on the employee as plaintiff but not to accept such limitations when it seeks to prosecute a claim against the employee." (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 117.) However, that is simply not the case here. Here, the agreement to arbitrate states that it covers any dispute between the parties, not just disputes brought by the consumer. (Order Agreement, Exhibit 1, Kim Decl., page 5.) It is not unilateral and certainly not one-sided. Further, Plaintiff is given the option to freely opt-out of the arbitration provision. The Order Agreement is therefore clearly distinguishable from the agreement in dispute in *Armendariz,* as the agreement in *Armendariz* did not allow for the other side to elect arbitration or opt-out.

Lastly, while Plaintiff argues that Defendant did not honor its "OWNERS RIGHTS NOTIFICATION" this is again incorrect. Indeed, Plaintiff even alleges that Defendant took part in Plaintiff's initiated arbitration with the California Dispute Settlement Program ("CDSP") and that a decision was issued. (Opposition, page 3, ¶¶ 15-28.) In fact, it is not Defendant who chose to reject the decision of the CDSP, but Plaintiff. Though it is Plaintiff's right to not elect to be bound by the decision of the CDSP, it cannot be said that Defendant did not honor this voluntarily offered pre-dispute resolution program. While Plaintiff argues that he is not allowed to reject the CDSP decision and file a lawsuit, this is

again incorrect. Defendant does not argue that Plaintiff is not allowed to reject the CDSP decision and file a lawsuit. Rather, Defendant's position, as explained above, is that if Plaintiff chooses to reject the *non-binding* CDSP decision (that is binding on Defendant but not binding on a Plaintiff) and files a lawsuit, Plaintiff's claims are then subject to *binding* arbitration in accordance with the terms of the Order Agreement.

For these reasons, the arbitration provision here is not substantively unconscionable.

### c. Defendant Has Not Waived Its Right To Arbitration

Plaintiff's argument that Defendant has waived its right to arbitrate is again based on Defendant's offering of a non-binding pre-dispute resolution program. While Plaintiff argues that Defendant raised no objection to pre-dispute arbitration with the CDSP before the lawsuit was filed and only asserted its right to arbitrate with the American Arbitration Associate once the lawsuit was filed, this does not constitute waiver. In fact, Defendant could not even assert its right to arbitrate with the American Arbitration Association until a lawsuit was filed.

Even though Plaintiff has not met his burden, an actual analysis on the merits demonstrates that Defendant has not waived its right to arbitrate. In *St. Agnes Medical Center v. PacifiCare of California*, 31 Cal.4th 1187 (Cal. 2003) (*St. Agnes*), the California Supreme Court discussed the "factors [that] are relevant and properly considered in assessing waiver claims." (*Id*. At 1196.) The court held that in determining waiver, a court can consider: "(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether 'the litigation machinery has been substantially invoked' and the parties 'were well into preparation of a lawsuit' before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) 'whether important intervening steps [*e.g*., taking advantage of judicial discovery procedures not available in arbitration] had taken place'; and (6) whether the delay 'affected, misled, or

prejudiced' the opposing party.'" *Id*. California's Supreme Court noted that the party claiming that the other waived the right to arbitrate "bears a heavy burden of proof." *Id*. at 1195. Here, Defendant has taken all reasonable measures to maintain, assert, and certainly not waive its right to arbitration. With regards to the first factor, Plaintiff cites to nothing that demonstrates that Tesla's actions were inconsistent with an intent to arbitrate. In fact, Defendant's responsive pleading in this action is the Motion to Compel Arbitration. With regards to the second factor, litigation machinery has not been invoked. Tesla's sole motion is the instant one, no discovery has been completed, and no substantive hearings have taken place yet. Regarding the third factor, there was no delay as discussed above, as Tesla asserted its right to arbitrate as its response to the Complaint. Regarding the fourth factor, Tesla did ask for a stay of the proceeding in its Motion. On the fifth factor, no intervening procedures, such as judicial discovery, have taken place. Lastly, as to Plaintiff's claim for alleged prejudice suffered, Plaintiff argues that he has been prejudiced by his initiation of the voluntary pre-dispute resolution program offered through the CDSP because of the expense of arbitrating in that forum. However, the arbitration provision in the Order Agreement states that "We will pay all AAA fees for any arbitration […]" (Order Agreement, Exhibit 1, Kim Decl., page 5.)

Thus, it is clear Defendant has not waived its right to arbitrate this matter.

### d. **Defendant Is Not Equitably Estopped From Compelling Arbitration**

Plaintiff's argument here again revolves around Defendant voluntarily providing a pre-litigation qualified dispute resolution process in compliance with Cal. Civ. Code, § 1794(e)(2). Plaintiff's argument here is nonsensical. Plaintiff argues that Defendant must be judicially estopped from compelling arbitration because now that Plaintiff rejected the non-binding decision of the CDSP Defendant is seeking to uphold the arbitration provision of the Order Agreement. Plaintiff's decision to reject the CDSP decision, that is binding on Defendant but not binding on a Plaintiff, is not in Plaintiff's control. However, now that Plaintiff has chosen to reject the CDSP decision and instead

litigate this matter, there is nothing that precludes Defendant from upholding the agreement between the parties that dictates that any dispute between them be resolved by binding arbitration with the American Arbitration Association.

### e. Song-Beverly Claims Are Subject To Arbitration

Plaintiff's case is a run-of-the-mill "lemon law" lawsuit based primarily on violations of express and implied warranties under the Song-Beverly Consumer Warranty Act. While Plaintiff argues that this case cannot be arbitrated because it allegedly involves vehicle safety, Courts have routinely held that Song-Beverly cases such as this are subject to arbitration. (*Sanchez v. Valencia Holding Co.* (2015) 61 Cal.4th 899; *Felisilda v. FCA US LLC* (2020) 53 Cal.App.5th 486.) Moreover, as discussed in the Motion, all of Plaintiff's claims fall well within the scope of the arbitration provision as the all arise out of and relate to the relationship between Plaintiff and Tesla.

### III. Conclusion

For the foregoing reasons the Court should grant Tesla, Inc.'s Motion and order that Plaintiff's claims be arbitrated in accordance with the terms of the Order Agreement. In the meantime, this action should be stayed pursuant to Section 3 of the FAA (9 U.S.C. § 3; *accord* Code Civ. Proc. § 1281.4.).

DATED: June 22, 2021          THETA LAW FIRM, LLP

                                          SOHEYL TAHSILDOOST
                                          Attorney for defendant Tesla, Inc.

**DEFENDANT TESLA, INC.'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION**

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2021, I filed the foregoing document entitled **DEFENDANT TESLA, INC.'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

_____

Soheyl Tahsildoost